**SO ORDERED.**

**SIGNED this 28 day of March, 2011.**



_____
**JANICE MILLER KARLIN**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GARY CLAYTON MATTSON, | ) | Case No. 10-23636 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| ANDREA PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-6073 |
| | ) | |
| COMMERCE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR ABSTENTION**

This matter is before the Court on Plaintiff's Motion for Abstention, filed pursuant to 28 U.S.C. § 1334(c).[1] Plaintiff Andrea Peterson requests this Court remand this case back to the state court where she originally filed the suit on the grounds that this Court must abstain from hearing it. After reviewing the briefs filed by the parties,[2] and for the reasons set forth below, the Court grants the motion for abstention and remands this case to the Circuit Court of Jackson County, Missouri.

I.  **FACTUAL BACKGROUND**[3]

According to the Plaintiff, Andrea Peterson ("Peterson"), her then-husband, Gary Mattson ("Mattson"), the Debtor in the underlying Kansas bankruptcy case, borrowed $40,054 from Defendant, Commerce Bank, N.A. ("Commerce") to purchase a 2006 Hummer H3 automobile in November 2005. Peterson claims she was unaware that Mattson intended to purchase this vehicle until he arrived at their home with it, that she never agreed to the purchase, and she never signed any loan documents relating to its purchase. Although Commerce is headquartered in Missouri, the loan was processed at its Pittsburgh, Kansas branch. Peterson and Mattson were living in Olathe, Kansas when the loan was made.

---

[1] Doc. 14. There are other pending motions, including Defendant's Motion to Dismiss (Doc. 8) and Plaintiff's Motion for Remand (Doc. 19). By granting the Motion for Abstention, which also sought remand, the separate Motion for Remand becomes moot. The Motion to Dismiss should be decided by the court to which the case is remanded.

[2] The Court notes that Plaintiff's reply brief in support of her motion for abstention was due March 7, 2011 but was not filed until March 18, 2011. Although Plaintiff did not seek leave of Court to file this brief out of time, I will consider the reply brief in deciding this issue due to the fact that the failure to timely file the brief did not delay the decision.

[3] The Court provides the following general factual background to provide context for the pending motion to abstain. This is not intended to constitute formal findings of fact, and should not be considered binding on the parties in further proceedings in this case.

Peterson and Mattson divorced in 2007, and the Johnson County, Kansas District Court awarded the automobile, and the debt associated with it, to Mattson in their divorce proceedings. The Court further ordered that Mattson hold harmless and indemnify Peterson for any debt on the automobile.

On May 20, 2010, Commerce Bank debited $719.15 from Peterson's bank account for a missed payment on Mattson's Hummer.[4] In response to her question about this, Commerce Bank told her that her name was on the promissory note to purchase the automobile. Peterson claims she told Commerce both that had she never agreed to be an obligor on that loan and that her purported signature on any loan document was a forgery. When Commerce refused to refund the money debited from her account, Peterson filed a lawsuit in the Circuit Court of Jackson County, Missouri on November 16, 2010. Shortly before the filing of this lawsuit, Mattson had filed for bankruptcy in the United States Bankruptcy Court for the District of Kansas in the Kansas City, Kansas division.

Peterson's state court action asserted five counts against Commerce, including (1) conversion for wrongfully taking the funds out of her checking account, (2) conversion for failing to return the money taken from her checking account, (3) breach of contract based upon Kansas law and the Uniform Commercial Credit Code, (4) breach of contract based upon Missouri law and Chapter 408 of the Missouri Revised Statutes, and (5) breach of

---

[4]Apparently Commerce also debited funds from Peterson's father's account, on which Peterson was listed as a signatory, for this same reason, but these amounts were later refunded.

3

fiduciary duty. Peterson did not name Mattson as a party to the lawsuit, although Peterson alleged her signature had been forged on the loan documents, possibly by Mattson.

On January 5, 2011, the case was removed by Commerce from Jackson County, Missouri to the United States Bankruptcy Court for the Western District of Missouri. Commerce claimed that the case was related to the Mattson bankruptcy case, because it might at some point raise a third party claim for common law contribution or indemnity against Mattson. Therefore, according to Commerce, the United States Bankruptcy Court for the Western District of Missouri had jurisdiction over the matter pursuant to 28 U.S.C. § 1334.

On January 12, 2011, Commerce filed a motion to dismiss pursuant to Fed. R. Bankr. P. 7012(b) for failure to state a claim upon which relief could be granted. Simultaneously with filing the motion to dismiss, Commerce also filed a Motion to Transfer Venue, seeking to have the case transferred to the United States Bankruptcy Court for the District of Kansas. Commerce claimed that because Mattson's bankruptcy case was pending in Kansas rather than Missouri, the case should be transferred to Kansas so it could be tried in conjunction with the pending bankruptcy case. Commerce also claimed that the interests of justice, as well as the convenience of the parties and witnesses, favored transferring the case to Kansas since the actions leading up to the filing of the lawsuit all occurred in Kansas.

On January 13, 2011, just one day after the filing of the motion to transfer venue, Bankruptcy Judge Venters granted the motion and transferred the case to this Court. In the order, Judge Venters noted "[t]he state court action that has been removed to this Court is not

4

related to any underlying bankruptcy case in this District. If the matter relates to any bankruptcy case at all, an issue this Court does not decide, it is related to the case of In re Gary Clayton Mattson, Case No. 10-23636 pending in the District of Kansas."

On January 18, 2011, Peterson filed a Motion for Abstention, claiming that this Court should abstain from hearing this case under the principles of mandatory abstention set forth in 28 U.S.C. § 1334(c)(2) or discretionary abstention under 28 U.S.C. § 1334(c)(1). Peterson also filed a motion for remand, arguing this Court lacks jurisdiction to hear this case because it is not actually related to Mattson's bankruptcy proceeding. Commerce opposes both the motion for remand and the motion to abstain, arguing this Court is the proper venue for resolution of this dispute.

## II. ANALYSIS

The issue before the Court is whether it should abstain from hearing this case. Abstention in bankruptcy cases is generally governed by 28 U.S.C. § 1334(c). Abstention under § 1334(c) is divided into two distinct areas: mandatory abstention under § 1334(c)(2) and permissive abstention under § 1334(c)(1). Abstention is applicable not only to cases that are initiated in bankruptcy court, but also to those cases that are originally filed in state court and removed to bankruptcy court.[5] If abstention is required, the Court has the authority to

---

[5] *See In re Midgard Corp.*, 204 B.R. 764, 775 (10th Cir. BAP 1997).

remand the case back to state court under 28 U.S.C. § 1452(b). That statute gives the Court authority to remand a cause of action on any equitable ground.[6]

### A. The Court is required to abstain from hearing this case pursuant to § 1334(c)(2).

The requirements for mandatory abstention are set forth in § 1334(c)(2). It provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Thus, pursuant to this section, mandatory abstention is required when all of the following elements are present: (1) the motion to abstain was timely filed; (2) the underlying action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; and (6) the matter is non-core.[7] In addition to the action being initiated in state court, § 1334(c)(2) also requires that the state court be a "forum of appropriate jurisdiction."[8]

Of the six factors the Court must consider, the only serious issues raised by Commerce are whether (1) the Jackson County court is an "appropriate jurisdiction" to hear this case and

---

[6] *Id.* at 775-76.

[7] *Telluride Asset Resolution, LLC v. Telluride Global Development, LLC (In re Telluride Income Growth, L.P.)*, 364 B.R. 390 (10th Cir. BAP 2007) (citing *In re Midgard Corp.*, 204 B.R. at 779.

[8] 28 U.S.C. § 1334(c)(2).

6

(2) whether the action can be timely adjudicated in that court. Thus, there is no question on the other four elements. The motion to abstain was filed timely, as it was filed only 13 days after the case was removed to federal court and before any substantial work on the case had commenced, there is no question the action is based on state law, as there are no federal claims raised in that case, there is no independent basis for federal jurisdiction other than the remote Mattson bankruptcy connection because the issues involve purely state law claims, and there is no basis to remove the case to federal court on diversity grounds.[9]

Finally, Commerce admits this is not a core-proceeding, but alleges it is "related to" the Mattson bankruptcy filing.[10] Peterson contests whether the underlying action is even related to the Mattson bankruptcy. The test for determining whether a civil proceeding is related to a bankruptcy case is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[11] Commerce claims that the case is related to Mattson's bankruptcy because the outcome of the case could potentially result in a claim against Mattson for contribution or indemnification.

---

[9] The Court notes that although the parties to the case are diverse, with Peterson living in Kansas and Commerce's headquarters located in Missouri, the fact that this case was filed in the defendant's home state prohibits the removal of the case to federal court on diversity grounds. *See* 28 U.S.C. § 1441(b) (stating that removal based upon diversity of citizenship is permitted only if none of the defendants in the case are citizens of the state in which the case was filed).

[10] In order to be considered a core proceeding, the causes of action alleged in the complaint must not exist independent form the bankruptcy proceedings and must invoke substantive rights directly created by the bankruptcy. *See Telluride Asset Resolution*, 364 B.R. at 398. In this case, the Court agrees with the parties that because the causes of action could clearly exist independent of the Mattson bankruptcy proceeding, they are non-core matters.

[11] *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

7

Although a stretch, because the test for "related to" jurisdiction is so broad, the Court agrees that this proceeding "could conceivably" have an effect on the Mattson bankruptcy, and therefore fits within the Court's related to jurisdiction.[12] But whether Commerce would ultimately succeed in prosecuting such a claim against Mattson, and avoiding the discharge of that claim in Mattson's bankruptcy case, is a question the Court need not now decide. It is sufficient for the matters currently before the Court that the case could conceivably have an effect on Mattson's bankruptcy, which the Court finds it does.

Therefore, the Court will turn to the questions of whether the claim can be timely adjudicated in state court, and whether Jackson County Circuit Court is a court of appropriate jurisdiction. The burden of proving that an action can be timely adjudicated in state court rests on Peterson as the party seeking abstention.[13] "Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will have an unfavorable effect on the administration of a bankruptcy case."[14] In analyzing this question, courts often consider some or all of the following factors: (1) backlog of the state court and federal court calendars; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy

---

[12]The Court notes the remote connection here because the Chapter 7 Trustee filed a "no-asset" report months ago, on November 17, 2010, and this case would be ready to issue a discharge and be closed but for this litigation and Commerce's extension of time to file a § 523 action against Mattson.

[13]*In re Midgard Corp.*, 204 B.R. at 778.

[14]*Id.*

8

court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.[15] Although some of these factors may require the Court to hear evidence, such as the backlog of the state court calendar, most of the factors can be determined by the Court by reviewing the docket in this case.

The Court has been presented no evidence concerning the backlog of the Jackson County Circuit Court and cannot make any findings as to the speed with which the case may be adjudicated in that forum. However, the Court can attest to the time frame in which the case can be resolved in federal court. This bankruptcy court's docket is not presently burdened with a backlog of evidentiary matters, and this Court would likely be able to conduct a trial and issue a final order in this case in a relatively short time frame. However, that would not end the resolution of this case in the federal court. Because the case is not a core proceeding, but instead a related to proceeding, the Court does not have the authority to issue a final judgment in this case absent consent of the parties.[16] Peterson has not consented and has indicated she will not give that consent, and this Court has no power to force her to do so. As a result, this Court would be limited to making recommended findings of fact and conclusions of law to then be reviewed by the United States District Court for the

---

[15] *Id.* at 778-79.

[16] *See* 28 U.S.C. § 157(c).

District of Kansas. It is that court that must then enter the final order in this case. "This two-tier review may favor a finding of timely adjudication in a state court."[17]

In addition, Peterson has made a demand for a jury trial, and has reiterated that she does not consent to such a trial taking place in the bankruptcy court. Commerce does not dispute that she is entitled to a trial by jury. Therefore, to accommodate this right to a jury trial, it would be necessary for the district court to withdraw the reference to this Court under 28 U.S.C. § 157(d), which would again weigh in favor of the case proceeding in state court.[18] The Court also notes that because the Mattson bankruptcy case is a liquidation (not a reorganization) case, with apparently no assets to administer, the administration of the bankruptcy case will not be significantly disrupted while this case is tried in state court.

Based on these factors, and specifically the factors concerning the requirement that the United States District Court would be required to enter any final orders or judgments in this case either through a report and recommendation by this Court or a jury trial following the withdrawal of the reference under 28 U.S.C. § 157(d), the Court finds that this case could likely be more timely adjudicated in state court. The Court predicts no unduly prejudicial effect on the administration of the bankruptcy estate by allowing this case to proceed in state court, and in fact, believes such remand will likely result in a speedier resolution to these matters.

---

[17] *See Midgard*, 204 B.R. at 779 n.17.

[18] *See id.* at 779 n.18. The Court is generally aware of a backlog in the United States District Court for the District of Kansas and the delay that could occur before this case could be tried in that forum.

The second argument Commerce makes against mandatory abstention is that the Jackson County Circuit Court is not a court of "appropriate jurisdiction."[19] According to Commerce, the only reason the case was filed in Jackson County, Missouri is because one of Peterson's attorneys, Michael Millett, is suspended from the practice of law in Kansas for two years.[20] Commerce claims this is a case of improper forum shopping because all events related to this action occurred in Kansas, and most, if not all, witnesses are located in Kansas. Peterson responds by noting that Commerce's corporate headquarters is located within a few miles of the Jackson County, Missouri, courthouse where she originally filed this action, some of the witnesses are located in Missouri, and that the promissory note specifically states that the action is governed by the laws of the State of Missouri.[21] Peterson also indicates that she received a letter from a Commerce employee located in Missouri in connection with this case, and that she spoke with at least three other employees who were also located in Missouri.

---

[19] The Court would be remiss not to mention that the tenor of some of the language used by both counsel during briefing was unnecessarily strident. *See, e.g.,* Plaintiff's reference to Defendant's "hedonistic effort to discredit the Plaintiff," and Defendant's reference to Plaintiff's "erstwhile attorney" and "riotous waste of resources." Suffice it to say the Court understands that Commerce does not want to take its chances before a Jackson County, Missouri jury, which juries have some reputation for being more pro-plaintiff than juries in contiguous counties, and it further understands that Plaintiff's original counsel wants the case to be in Jackson County both because of its pro-plaintiff reputation and because he is presently barred from representing Plaintiff in any Kansas court.

[20] Mr. Millett has failed to withdraw from representing Plaintiff in this action, contrary to Kansas Supreme Court Rule 218, which requires suspended attorneys to both "notify in writing the appropriate court ... along with opposing counsel , of such inability to further proceed," and to "file an appropriate motion to withdraw as counsel of record."

[21] The note also states that it is governed by the Kansas Consumer Credit Code, so it is not entirely clear whether Missouri law or Kansas law will ultimately govern this case.

The Court finds that Commerce's arguments are more appropriate in the context of its Motion to Dismiss[22] under the doctrine of *forum non conveniens* than they are in the context of this abstention motion. All of Commerce's arguments alleging Peterson has engaged in improper forum shopping, the convenience of the parties, the cost of litigating the case in Jackson County, Missouri rather than 20-25 miles away in Johnson County, Kansas, are valid considerations when determining which of the two potential state court jurisdictions—Kansas or Missouri—is most convenient for the parties and in which jurisdiction the case should be tried. Those arguments do not, however, prove that Jackson County, Missouri was an inappropriate forum to bring this case.

In fact, in its Motion to Dismiss, which Commerce specifically incorporates into its response to Peterson's abstention motion, Commerce does not allege that the Missouri state courts do not have jurisdiction to hear the case, but rather only that it makes more sense to try the case in the "alternative forum" of a Kansas state court.[23]

The Court finds that this case was commenced in a state forum of appropriate jurisdiction. Commerce does not argue that the Jackson County Circuit Court could not hear the case or that it lacked jurisdiction over either the subject matter or the parties. Because Commerce has its headquarters in Missouri, it is clearly subject to the jurisdiction of that state's court system. Further, the subject matter of this case is clearly within the reach of the

---

[22]Doc. 8.

[23]See Doc. 9, Memorandum of Defendant Commerce Bank, N.A., in Support of Motion to Dismiss Plaintiff's Petition at 13.

12

Jackson County Circuit Court. The allegations are all state law claims, they are not subject to the exclusive jurisdiction of the federal court system, or any specialty court or tribunal. Although Commerce may be able to argue that the Jackson County Circuit Court is not the most convenient forum to hear this action, or even that the Jackson County Circuit Court is not the most appropriate court where Peterson could have filed this case, it cannot seriously argue that the Jackson County Circuit Court is not "a state forum of appropriate jurisdiction."

Based on these findings, the Court holds that it is required to abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2). The Court finds that the motion for abstention was timely filed, that the claims asserted in this case arise exclusively under state law, that this case is not a core proceeding but instead a related to proceeding, that there is no independent federal jurisdiction absent jurisdiction under 28 U.S.C. § 1334, that the action was commenced in a state court of appropriate jurisdiction, and that the action is capable of timely adjudication in state court. Therefore, the Court will abstain from hearing this case and orders it remanded to the Jackson County Circuit Court in Jackson County, Missouri.[24]

### B. The Court would abstain from hearing this case under 28 U.S.C. § 1334(c)(1) even if mandatory abstention was not required.

Although the Court finds that it is required to abstain from hearing this case pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2), the Court also holds that

---

[24]Commerce claims that the Court should remand this case, if at all, to the Johnson County District Court in Johnson County, Kansas. Without providing any legal support for its own argument, Commerce claims that Peterson has failed to identify any legal authority for this Court to remand a case to a state court in another state. The Court is unaware of any legal impediment to a federal court remanding a case that has been removed back to the court where it originated, even if that court is in another state, and neither party has provided any authority to the contrary.

13

even if mandatory abstention were not required, the Court would still abstain pursuant to the permissive abstention provisions of 28 U.S.C. § 1334(c)(1). Permissive abstention in bankruptcy cases is derived from 28 U.S.C. § 1334(c)(1), which states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In examining whether to abstain under that provision, courts typically examine twelve non-exclusive factors to determine whether abstention is appropriate:

> (1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.[25]

The Court finds that most of these factors favor abstention. The Court has already analyzed the effect abstention would have on the efficient administration of the bankruptcy estate in the preceding section, and again finds that abstaining from this case and having it heard in state court would be at least as efficient as retaining jurisdiction over the case—especially in light of the added hurdles created by Peterson's decision not to consent to this Court

---

[25] *In re Commercial Financial Services, Inc.,* 251 B.R. 414, 429 (N.D. Okla. 2000).

entering a final judgment or conduct a jury trial. There is no question the state law issues predominate this case as there are no federal claims asserted.

With regard to the degree to which this case is related to the underlying bankruptcy case, the Court finds it difficult to imagine a case more remotely related that may still fall under the Court's jurisdiction as a related to matter. The only relationship this case may have to the underlying case is that if Peterson is successful, Commerce may have a pre-petition third-party claim against Mattson. But because there are no assets to administer, the existence or amount of that claim seems rather immaterial.

Furthermore, at this point, neither of the parties involved in this lawsuit have asserted any claims against Mattson, and no property of the bankruptcy estate is at issue. The Court agrees that this case is related to the Mattson bankruptcy proceeding (otherwise jurisdiction would be completely lacking), but finds that the degree of relatedness is extremely remote. There are no core matters involved at all in this case, nor are there any federal claims that may need to be severed.

The Court also finds that the likelihood that this case was removed to this court as a result of forum shopping by one of the parties to be a significant factor. Commerce goes to great lengths in its briefs to show how Peterson engaged in forum shopping by attempting to have the case heard in Jackson County, Missouri—a forum Commerce claims has very few ties to the underlying case. To remedy this alleged forum shopping, Commerce has itself engaged in forum shopping by removing this case to the federal bankruptcy court—a forum

15

in which there are absolutely no ties to the underlying case except for the fact that Commerce may potentially bring a claim against a debtor in this Court. Although Kansas may have more ties to this case than Missouri, there are virtually no ties to the federal bankruptcy courts. It appears the only reason this case is currently pending in this Court is that Commerce does not want it heard in the forum that Peterson chose. Forum shopping done to prevent successful forum shopping by one's opponent is still forum shopping.

The final two factors also weigh heavily in favor of abstention. Peterson has demanded a jury trial, and has indicated that she will not consent to that trial taking place in the bankruptcy court. Therefore, for this case to proceed to a jury trial, the referral to the bankruptcy court will have to be withdrawn and the case tried before the United States District Court for the District of Kansas. Finally, the Court notes that the only parties to this case are non-debtors. Although Commerce has stated that it may bring a third-party claim against Mattson for contribution or indemnification, that has not taken place and likely would not prevent abstention even if it had.

Of the twelve factors the Court is to consider, only two factors appear neutral or to weigh against abstention. First, the claims raised by Peterson do not appear to be overly complex or involve an unsettled area of state law. Second, this case would not unduly burden the bankruptcy court's docket, as it appears to be a fairly straight forward dispute that <u>should</u> not require an abundance of court supervision.[26]

---

[26] The Court emphasizes the word "should" in this sentence in recognition of the untold attorney hours and other expenses both parties have already expended simply attempting to find the proper forum for this litigation.

Based upon the consideration of these factors, the Court finds that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate, even if mandatory abstention were not. This is a state law case, involving state law matters, with very little tie to the Mattson bankruptcy proceeding. Therefore, the Court will abstain. It remands it back to the Jackson County Circuit Court.

## III. CONCLUSION

The Court finds that abstention is proper in this case under both the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) and the permissive abstention provisions of 28 U.S.C. § 1334(c)(1). Therefore, the Court will abstain and remands it to the Circuit Court in Jackson County, Missouri for further proceedings.

The Motion for Remand filed by Peterson is now moot, as the Court is remanding the case on other grounds and does not need to address that motion. The Court makes no findings with regard to whether Peterson has failed to state a claim upon which relief can be granted or whether the case should be dismissed under the doctrine of *forum non conveniens*. Those issues raised in Commerce's Motion to Dismiss can, and should be, address by the Jackson County Circuit Court, as they are ripe for decision having been fully briefed.

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Motion to Abstain[27] filed by Plaintiff Andrea Peterson is granted. The Court remands this case for all further proceedings to the Circuit Court of Jackson County, Missouri.

---

[27] Doc. 14.

**IT IS FURTHER ORDERED** that the Motion for Remand[28] is denied as moot.

###

---

[28]Doc. 19.